EDWIN STRONG

*vs.*

CHARLES COLTER.

If an agent acts under the direction of his principal, an action for trespass will not lie against the agent, unless it would lie against his principal.

As between tenants in common of personal property, the possession of one is the possession of all, and an action for trespass will not lie in favor of one, against another, unless the property has been actually converted or destroyed.

If personal property is sold by a married woman as her separate property, in the absence of any testimony to withdraw it from the operation of the Statute in regard to the rights of married women, the assent of her husband to the sale is essential to its validity.

This action was brought in the District Court for Washington County, to recover damages for the alleged taking, and conversion by defendant to his own use, of certain wheat and oats, claimed by plaintiff to be his property. It appears, among other things, from the pleadings, and testimony on the trial, that one Mary Middleton, the wife of Samuel Middleton, was the owner of a farm in said county; that the plaintiff cultivated and carried on this farm under a contract, by which the said Mary Middleton was to receive one-half of the crop at the granary and dwelling house on the premises, the plaintiff occupying one part of this dwelling, and the said Mary the other; that this contract was made April 8, 1864, and the wheat and oats in question were portions of that

year's crop; that no division had been made; that the plaintiff claimed the whole of the said property, one-half under said contract, the other by purchase, the sale, as claimed, being made by Mrs. Middleton in July, 1864. As to this sale there was testimony *pro* and *con*. It further appeared that the said Samuel Middleton, on the eve of his departure on duty in the United States service, in March, 1864, directed the defendant to take charge of all of his affairs in his absence, particularly to see to all the property on the farm; that in June, 1864, Colter forbade plaintiff to purchase the crops; that the defendant, in presence of Mrs. Middleton and under her direction, and acting as the agent of Mr. Middleton, on the 26th and 27th days of September, 1864, took the wheat and oats from the granary on said farm, and he testified that he had them all on hand and in store at the time of the commencement of the action. It does not appear that Mr. Middleton had any knowledge of any of the transactions connected with the controversy; he died in the U. S. service in February, 1865. The jury before whom the case was tried found a verdict against defendant for $246.30. A motion for a new trial was made by defendant and denied; from the order denying the same he appeals to this Court.

L. E. Thompson for Respondent.

Smith & Gilman for Appellant.

*By the Court*—McMillan, J.—The plaintiff and Mary Middleton, under the agreement offered in evidence—which appears not to be disputed—or her husband, Samuel Middleton, were owners, tenants in common, of the grain which is involved in this action; the defendant in his conduct in regard to this grain acted in the presence and under the direction of Mrs. Middleton, and as the agent of her husband,

Samuel Middleton, in his absence; unless, therefore, an action will lie against the principal, the agent is not responsible. As between tenants in common, the possession of one is the possession of all; and unless the property has been actually converted or destroyed, an action at law will not lie in favor of one against another. 1 *Ch. Pl.* 79, (*Marg.*) There is no evidence of any destruction or conversion of the property; the defendant testifies that he had the grain in his possession at the time of the commencement of the action. But there is evidence in the case, *pro* and *con*, relating to a sale by Mrs. Middleton of her share, or that of her husband, to the plaintiff in July, 1864, and subsequent to the date of the agreement referred to. If the grain was the separate property of Mrs. Middleton, and was disposed of by her as such, in the absence of any testimony to withdraw it from the operation of the statute in regard to the rights of married women, the assent of her husband to the sale is essential to its validity. *Comp. Stat. Chap.* 61, *Sec.* 106, *p.* 571.

If sold as the agent of her husband, there must be some evidence of the fact. In this case we discover no evidence of agency of the wife, but there is the positive evidence of the defendant that Samuel Middleton, the husband, on the eve of his departure in March, 1864, gave defendant direction to take charge of all his affairs in his absence, particularly to see to all the property on the farm, and that in June, 1864, he forbade Strong to purchase the crops. Mr. Middleton died in the U. S. service in February, 1865. We think there is nothing in the case to authorize the jury in finding a valid sale of the Middleton interest in the crops. The plaintiff was, therefore, a tenant in common with Middleton, and it does not appear that the property has been actually converted or destroyed; an action, therefore, will not lie against the defendant, who acted as the agent of the Middletons, and did

no act which his principal might not lawfully have done. The judgment should be reversed, and the verdict set aside, and a new trial granted.