ZADOK HOOK, ADMINISTRATOR OF MARTHA T. DYER, Plaintiff in Error, v. THOMAS B. DYER, Defendant in Error.

1. *Wills.* — A testator by will gave all his property to his wife, to manage and control for her benefit and that of their children, with power of sale, etc., and, at her death, to be divided among his children. On her death the administrator of testator took possession of her personal property, embracing household furniture, notes and accounts, claiming that they belonged to that estate; to be distributed according to the will. The administrator of the estate of the wife demanded the property, and proceeded against testator's administrator by attachment, under the statute (Wagn. Stat. 85, §§ 7–11). It appeared in evidence that, for many years after the death of her husband, the wife continued the business, and died in possession of an estate, treating it as her own, worth more than double that which was left her. *Held:* 1. That the property in charge of the wife, although a trust estate, as it terminated at her death, did not go to the administrator of the trustee, but went at once to the heirs of the testator. 2. That the household furniture was hers, whether she accepted or renounced the trust, and that the will should be held to apply only to the property subject to distribution. 3. That

though the proper increase of the trust property was affected by the trust, yet the will being partly for her benefit, she was entitled to her proportionate share in the profits. 4. That, as the property belonging to the wife was so mixed with the other as not to be easily separated, the proceedings under the statute for concealing and embezzling property were not the proper ones for investigating the subject.

### Error to Fourth District Court.

*Hayden & Boulware*, for plaintiff in error, referred in argument to Cheely's Adm'r v. Wells, 33 Mo. 106; Naylor's Adm'r v. Moffatt, 29 Mo. 126–28; Bartlett, Adm'r of Garrett, v. Hyde, 3 Mo. 343; Abbott, Adm'r, v. Miller, Adm'r, 10 Mo. 141; Lecompt v. Sargent, 7 Mo. 351; Gambee, Adm'r *de bonis non* of Nash, v. Hamilton, Adm'r of O'Neil, 7 Mo. 467–471; Harney v. Dutcher, 15 Mo. 93, and cases cited; Lessing, Meyer & Co. v. Vertrees, 32 Mo. 431; Smith v. Denny, 37 Mo. 23; Sto. Eq. Jur., § 976; Pratt v. Vallin, 9 Pet. 405, and cases cited; Ruby *et al.* v. Barnett, 12 Mo. 3, and authorities cited; Papin v. Allen, 33 Mo. 260; 19 Mo. 241; *id.* 319; Thomas & Thomas v. Reef's Adm'r, 9 Mo. 373.

*John A. Hockaday*, for defendant in error.

I. The statute upon which this proceeding was instituted was never intended to apply to an action for the recovery of assets in the hands of an administrator. The fact that the same was held in a fiduciary capacity, and under the control and supervision of the County Court, excludes the idea of concealment or embezzlement — an administrator, as such, being incapable of the tortious acts contemplated by said statute.

II. As to defendant's right to the property, Martha T. Dyer had only a life interest in the property that went into her hands by virtue of the will of Samuel Dyer, and at her death it reverted back to the estate of Samuel Dyer, and is subject to his administrator for the purposes of distribution, in accordance with the will. (Ruby *et al.* v. Barrett, 12 Mo. 3; Swearingen *et ux.* v. Taylor *et ux.*, 14 Mo. 391; Campbell v. Low, 9 Barb. 586; Pate v. Barrett and Wife, 2 Dana, 426; Lillard v. Robeson, 3

Little, 415; 11 B. Monr. 450; Boswell v. Anderson, Adm'r, 3 Leigh, 353; 16 N. H. 459; 14 B. Monr. 167.)

III. At the death of Martha T. Dyer, the will of Samuel Dyer being unexecuted, his administrator, and not hers, was and is the proper party to execute it, and is likewise the proper custodian of his estate for that purpose. (Gen. Stat. 1865, p. 481, § 16; Toller on Exr's, 167; 1 Bouv. Law Dic. 73; Com. Dig. book 1, §§ 2, 9; 35 Mo. 323; Jenkins v. Freyer, 4 Paige, 47; Woodin v. Bagley, 13 Wend. 453; Beecher v. Crouse, 19 Wend. 306; 38 Penn. 225; 35 Miss. 108; 19 Ala. 747; 29 Miss. 126; Cole v. Wade, 16 Ves. 27; Hall v. Dewes, Jac. 189.)

IV. Hook, as administrator of the estate of Martha T. Dyer, does not, *virtute officii*, succeed her in the execution of the trust created by Samuel Dyer's will. (Gen. Stat. 1865, p. 480, § 5; Hawley v. Ross, 7 Paige, 103, and authorities cited; 19 Ala. 747; 2 Md. 119; Hill on Trust. 463, and note; Mansell v. Mansell, Wilm. 36; Peyton v. Bury, 2 P. Wms. 626; 1 Sugd. Powers, 148, 152; Blake v. Dexter, 12 Cush., Mass., 559.)

V. Martha T. Dyer acquired no beneficial interest in the estate of her deceased husband, Samuel Dyer. Having accepted of the provisions made for her under his will, she thereby subjected herself to the enjoyment of such interest only in his estate, and to such control over it, as the will gave her; and such interest and trust over said estate being limited to death or marriage, upon the happening of either event her interest and trust over the property ceased forever, and her personal representative, Hook, can not claim for her any other or greater right under said will than she could claim for herself. (Pemberton v. Pemberton, 29 Mo. 412; Brant v. Brant, 40 Mo. 266; Lord v. Lord, 23 Conn. 327; Herbert v. Wren *et al.*, 7 Cranch, 370; Hawley v. James, 16 Wend. 61; Hamilton v. Beckwater, 2 Yeats, 389; 2 Sto. Eq. 440; 7 Cow. 287; 2 Dana, 343; 3 Russ. 192; 8 Gratt. 83; 4 Dess. 146.)

VI. The defendant Dyer was a competent witness. The statute so declares expressly. (Gen. Stat. 1865, p. 490, § 7.) Being sued as administrator of Samuel Dyer, he was also com-

petent under the twenty-eighth section of the General Statutes, p. 491. (Hill on Trust. 428.)

BLISS, Judge, delivered the opinion of the court.

In 1834 Samuel Dyer, of Callaway county, died, and by his will gave all his property to his wife, the plaintiff's intestate, to manage and control for her benefit and that of their children, with power of sale, etc., and at her death or marriage to be divided among his children. She continued to manage the property for over thirty years and died, and Thomas B. Dyer, the defendant, as administrator *de bonis non*, with the will annexed, of the estate of his father, took possession of all her personal property, notes, and accounts, claiming that they belonged to that estate, to be distributed according to the will. The plaintiff, as administrator of Martha T. Dyer, demanded the property, proceeded against defendant by attachment, according to the provisions of sections 7–11, chapter 121, Gen. Stat. 1865 (Wagn. Stat. 85), and obtained judgment in the County Court. Upon appeal, judgment for defendant was rendered in the Circuit Court, which was affirmed in the District Court.

The property of Mrs. Dyer thus taken by defendant consisted principally of promissory notes, payable to her, amounting to over $40,000, together with all her household furniture, including beds and bedding, cooking utensils, crockery, etc. Defendant claims that this was held in trust by her, and upon her death that it became at once the property of Samuel Dyer's children, to be distributed by his administrator. The plaintiff, on the other hand, insists, first, that even if held in trust by her, it should go to her administrator for distribution; and, second, that this property, or a large portion of it, belonged to the deceased, and is liable for her debts.

That part of the will bearing upon this question is as follows: "It is my will and desire that my wife, Martha T. Dyer, in the event of my death, shall as soon thereafter as is convenient take into her possession all my goods, chattels, moneys, etc., both real and personal, and go on, without administering on my estate, to manage it in the same way that I should do myself if living, for

the benefit of herself and all my children. I hereby give authority to my wife to sell any property which she may think proper to sell, and to purchase any which she may think proper to purchase for the benefit of my family, and to do everything in the arrangement of the estate which I am now authorized to do. * * * At my wife's death it is my will that my property be equally divided between all our children," etc.

The testator was a merchant, and after his death Mrs. Dyer continued the store for many years, and in her own name bought and sold property, collected and loaned money, brought up and educated their children, and died in the possession of an estate, treating it as her own, worth more than double that which was left her. But she had contracted debts on behalf of one of the family, which defendant refuses to pay, and hence this litigation.

The will creates a trust. The property was to be held for the benefit of the trustee and the testator's children; hence she had an interest other than that of trustee. But the trust property does not necessarily go to the administrator of the trustee, as claimed by the plaintiff, for the trust terminates at the death of Mrs. Dyer. It is true that an unexpired trust estate, upon the death of all the trustees, descends, if of the realty, to the heir, and if of personalty, to the personal representative. (Hill on Trust. 303.) But when such estate determines, the interest of the beneficiary, if he holds the next estate, becomes complete, and the right of possession at once follows.

But there must have been some property held by Mrs. Dyer at her death not subject to this trust. First, the furniture, etc., of the house belonged absolutely to the widow, and we should not construe the will as intending to cover it. Whether she accepted or renounced this trust, it was hers, and the will should only be held to apply to property subject to distribution. If that be so, we should hardly regard the ordinary household furniture left by the widow as having so received the impress of the original trust that she could have had no property in it. Nor, secondly, can we assume that during the many years Mrs. Dyer was in business, turning her active mind to any means that offered for accumulating property, that she made nothing for herself. It may have

been so, but not because she had but a life interest in what was left her, and that not for her own use alone. It is true that the proper increase of the trust property is affected by the trust. For instance, in managing the store the profits belonged to the bene-ficiaries, and the losses must be suffered by them. So, in loaning money of the estate, the interest accrued to the benefit of the beneficiaries. Yet it is very possible that Mrs. Dyer left something not affected by the trust. Thirdly, it must be remembered that the trustee was also a beneficiary. How was the trust to be administered for her benefit if she was to perform all the labor and be entitled to none of the profits? We will suppose she kept a strict account of the trust fund, of its gains, losses, etc.; with annual balances, would she not have been entitled to a credit of her proportionate share of what was made out of it? At her death the estate goes to the children, but in the meantime the use is held in part for her benefit. That benefit consists in her propor-tionate share of the increase, which becomes her property.

Yet both of the judgments below are wrong. That in the County Court was given for all the personal property of decedent, and was rendered upon the supposition that it all went to the administrator. That given in the Circuit Court was rendered upon a verdict obtained upon erroneous instructions by the court. Nor can I see how the interest of the two estates can be reached by the proceedings instituted. The statutory provisions under which they were had were not intended for cases of this kind. The property belonging to decedent is so mingled with what she held in trust as not to be easily separated; and proceedings in attachment in the County Court, for concealing or embezzling property, do not furnish the best opportunity for investigating so complicated a matter.

The other judges concurring, the judgment of the County, Circuit and District Courts will be reversed.