RICHARDSON, Administrator, Appellant, v. COLE et al.

Division Two, February 26, 1901.

1. **Administration:** EQUITABLE TITLE: TRANSFER OF PERSONAL PROP-
ERTY WITHOUT ADMINISTRATION. The legal title to personal prop-
erty of an intestate decedent passes to the administrator, but the
equitable title is in the distributees. But the law does not require
the doing of a useless and unnecessary thing, and hence it does not
require the distributees to pay to a public administrator, who of his
own motion had taken out letters of administration on the estate of
an intestate, the assets belonging to such estate at the time of his
death, when no part of it is needed for the payment of debts. The
only purpose of such action would be to enable him to collect his
fees and those of the probate court, and pay the balance back to
such distributees. An administrator has the legal title to an estate
for the purpose of paying its debts; but after they are paid the resi-
due of such estate belongs to the heirs. Such being the case, a court
of equity will not enforce the administrator's mere naked title in
order that he may uselessly override the distributees' equitable
rights.

2. ———: CASE STATED. The decedent died possessed of about $17,000
of personal property, consisting of notes, cash, and bonds, but leav-
ing no debts. Thereupon all the heirs, being of legal age and capa-
ble of contracting, by an instrument of writing, agreed to and did
transfer to one of the heirs, the defendant, all their right, title and
interest in and to decedent's estate. Nearly twelve years later the
public administrator took out letters of administration on decedent's
estate, and then brought suit against such defendant to recover the
personal estate belonging to decedent at his death. *Held,* that to
permit the public administrator to recover judgment for the amount
of the estate, under such circumstances, would be a mockery of
justice.

3. ———: ———: COLLATERAL ATTACK ON JUDGMENT OF APPOINTMENT.
To deny the public administrator, under such circumstances, the
right to take charge of such estate, is not a collateral attack upon
the order and judgment of the probate court directing him as such

to take charge of such estate. On the contrary, it is simply a de-
termination, by an equity court which has acquired jurisdiction of
the subject-matter, that the administrator is not entitled to the pos-
session of the property, where there are no debts, the heirs are of
age and they have by consent made a domestic distribution of the
estate among themselves.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E.
Withrow*, Judge.

AFFIRMED.

*Jas. A. Henderson* and *R. S. Macdonald* for appellant.

(1) The facts alleged in the amended petition and ad-
mitted in the answers show a perfect legal title in the admin-
istrator to the personal property in question, and establish his
right to recover. The assignment of their prospective shares
by the "heirs," and their order to turn the personalty over to
defendant Metcalfe, and his compliance therewith, as pleaded
in the separate answer of defendant Cole, is no defense against
the claim and title of this administrator, either at law or in
equity. Bartlett's Admr., v. Hyde, 3 Mo. 490; Naylor's
Admr., v. Moffatt, 29 Mo. 126; Smith v. Denny, 37 Mo. 20;
McPike v. McPike, 111 Mo. 216; Green v. Tittmann, 124
Mo. 372. (2) The special defense demurred to is, in sub-
stance, that the decedent owed no debts, and that, upon the
written request and order of the heirs, defendant Cole, who
had possession of the property, turned it over to one of the
heirs, his co-defendant, Metcalfe. These facts being found,
he asks the court to decree that legal administration was and
is unnecessary and asks that this suit of the administrator be
abated. This defense is simply a collateral attack upon the
order and judgment of the probate court directing this admin-

istrator to take charge of this estate. The probate court is the only court in this State having jurisdiction to determine whether or not administration of a particular estate is or is not necessary. It determined that question in the affirmative in this instance by appointing the plaintiff. Naylor's Admr., v. Moffatt, 29 Mo. 126; Riley's Admr., v. McCord's Admr., 24 Mo. 265; Green v. Tittmann, 124 Mo. 372. (3) The concurrent jurisdiction of courts of equity has been entirely superseded in this State by our statutes of administration. The circuit court had no jurisdiction to try and determine whether or not this estate owed any debts, or whether or not this estate had been turned over to the proper distributees, and that administration was unnecessary. These matters are confided by statute exclusively to the courts of probate, and the record shows that the proper probate court has decided that administration of this estate is necessary. Titterington v. Hooker, 58 Mo. 593; Pearce v. Calhoun, 59 Mo. 271; French v. Stratton, 79 Mo. 560; Priest v. Spier, 96 Mo. 111. (4) The respondent should have proceeded in the probate court to have appellant's letters revoked, as was done in McCracken v. McCaslin, 50 Mo. App. 85, the authority on which they rely, and as was also done in a well-contested case in this court. McCabe v. Lewis, 76 Mo. 296.

*Judson & Taussig* for respondents.

(1) Where there are no creditors, and the heirs are of age, an administrator would be a mere naked trustee, and it would be idle, as well as waste of the estate, to go through the form and expenses of administration against the will of the heirs, as evidenced by their settlement and distribution of the property among themselves. McCracken v. McCaslin, 50 Mo. App. 85; Walworth v. Abel, 52 Pa. St. 372; Lewis v.

Richardson v. Cole.

Lyons, 13 Ill. 117; People v. Abbott, 105 Ill. 588; Woodhouse v. Phelps, 51 Conn. 521. (2) The jurisdiction of the probate court is not collaterally attacked. (a) An equitable defense may be set up in the answer. McCollum v. Boughton, 132 Mo. 601; Ridgeway v. Herbert, 150 Mo. 606. (b) A court of equity having acquired jurisdiction of the subject-matter of the controversy, retains such jurisdiction to make a complete disposition of the case, and to adjust all equities arising therein. Jordon v. Harrison, 46 Mo. App. 172; Woodward v. Mastin, 106 Mo. 324; Reyburn v. Mitchell, 106 Mo. 365; Morrison v. Herrington, 120 Mo. 665.

BURGESS, J.—On May 13, 1884, Lillie Kate Fagin died intestate and unmarried, the owner of personal property consisting of cash, notes and bonds of the face value of $9,342.17, and the bonds in litigation of the face value of $7,887, which had theretofore been placed by her father, Aaron W. Fagin, now deceased, in the hands of the defendant Nathan Cole, who had married her sister, to hold and invest for her.

After the death of Lillie Kate Fagin all of her heirs at law, except her father, Aaron W. Fagin, all being of age, by an instrument of writing of date July 16, 1884, agreed to and did transfer to Rachel G. Metcalfe, a sister of Lillie's, and one of the defendants in this suit, all their right, title and interest in and to the estate of said Lillie, and by said instrument directed the defendant, Nathan Cole, as agent and trustee of said Lillie, to pay over to said Rachel Metcalfe any and all moneys of the deceased, and to transfer to her any and all property of the deceased which he held for her, taking her receipt therefor.

This instrument was executed by all the heirs at law of Lillie, except her father, Aaron W. Fagin, but it was executed with his knowledge and consent and at his instance.

The defendant, Nathan Cole, acting under the authority of said instrument of writing, did, on or about September 23, 1884, transfer and deliver to said defendant, Rachel G. Metcalfe, all the notes, cash, bonds, and choses in action then in his possession as the agent or trustee for said Lillie.

On March 28, 1896, nearly twelve years after the death of said Lillie Kate Fagin and this distribution, William C. Richardson, the public administrator of the city of St. Louis, took out letters of administration upon the estate of Lillie Kate Fagin. As such administrator he instituted suit against the defendant, Nathan Cole, and the defendant, Rachel G. Metcalfe, to recover from them the personal estate belonging at her death to Lillie Kate Fagin.

The defendants, besides pleading the statute of limitation of five years, set up in their separate answers the foregoing facts as a defense to plaintiff's petition. To this answer plaintiff demurred. This demurrer was overruled, and plaintiff refusing to plead further, judgment was entered for the defendants.

Plaintiff appeals.

It may be conceded at the outset that the legal title to personal property of a deceased person is in the administrator who holds it in trust for heirs and legatees, and that he alone can sue for and recover the assets of such deceased person. But the mere legal title passes to the administrator; the equitable title descends to the heirs or legatees who are entitled to distribution. The defense interposed here is an equitable one, and sets up that there were no debts against the deceased, and that by agreement between those entitled to the property it had been transferred to one of their number, the defendant Rachel G. Metcalfe, and the effect of the demurrer is to admit these defenses to be true.

But plaintiff contends that the defenses pleaded afford

Richardson v. Cole.

no barrier to the administrator's rights of recovery either at law or in equity. In support of this position Bartlett, Admr., v. Hyde, 3 Mo. 490; Naylor's Admr., v. Moffatt, 29 Mo. 126; Smith v. Denny, 37 Mo. 20; McPike v. McPike, 111 Mo. 216; and Green v. Tittman, 124 Mo. 372, are relied upon. But these decisions go no farther than has already been conceded, that is, that the administrator is, under ordinary circumstances, entitled to the possession of the personal property of the deceased, and that his right to sue for such possession is exclusive of all others. The law does not require the doing of an useless and unnecessary thing, and this would be the result in this case if plaintiff's position be sustained, and defendants compelled to pay him the value of the assets belonging to Lillie Kate Fagin deceased, when no part of it is needed for the payment of debts, in order that he may in turn pay it back to the defendant Metcalfe, who owns the interest of all the other heirs.

In the case of McCracken v. McCaslin, 50 Mo. App. 85, Robert H. McCracken died intestate possessed of personal property and leaving several heirs who were of age, but no debts. The heirs made distribution among themselves of all the property.

Afterwards, at the instance of one of the heirs, the probate court, after giving notice to those first entitled to administer, upon their refusal, ordered the public administrator to take charge of the estate. A motion was made by the plaintiffs in the probate court to set aside this order for the reason that distribution had been made, and that there were no debts. The motion was overruled and upon appeal to the circuit court the motion was sustained and the administrator appealed.

It was held, when there are no creditors, and the heirs are of age, an administrator would be a mere naked trustee; and it would seem idle as well as a waste of the estate to go through

the form of administration against the will of the heirs, as evidenced by their settlement and distribution of the property among themselves, which all the parties would be estopped from disputing if the adjustment was made without fraud or imposition.

In Walworth v. Abel, 52 Pa. St. 370, it is said: "While the mere legal title passes to the administrator, the equitable descends upon the parties entitled to distribution. If there be no creditors, the heirs have a complete equity in the property, and if they chose, instead of taking letters of administration, to distribute it by arrangement made and executed among themselves, where is the principle which forbids it? The parties to such an arrangement, executed, would be forever equitably estopped from disturbing it, as amongst themselves, upon the most familiar principles of justice. . . . . . . . If there be no creditors in this case, the recovery of the value of the cattle would be only for the purpose of distribution among the heirs; but this they have done themselves, by an appropriation of the value already, and thus is accomplished what can not be done over again without breaking up the arrangement, and without manifest injustice to the defendant."

To the same effect is Weaver v. Roth, 105 Pa. St. 408.

In the case of Needham v. Gillett, 39 Mich. 574, this language is used: "Where there are no creditors, and the heirs of age, an administrator would be a mere naked trustee, and it would seem idle, as well as a waste of the estate, to go through the form and expense of administration against the will of the heirs, as evidenced by their settlement and distribution of the property among themselves. When, under such circumstances, a settlement and domestic distribution is made without fraud or mistake, there is no necessity for administration."

So in Woodhouse v. Pheps, 51 Conn. 521, it was held

that while it is true, as a general proposition, that the title to personal property vests in an executor or administrator, yet he is a mere trustee for creditors and for heirs or legatees; and where the property is not wanted for the payment of debts, and is rightfully in the possession of the persons who have the equitable title to it, the naked title of the executor or administrator is not sufficient in equity against such equitable and rightful possession.

The same rule is announced in more emphatic terms if possible in the case of Lewis v. Lyons et al., 13 Ill. 117, in which it is held that an administrator has the legal title to the personal estate of his decedent, as trustee for the payment of debts, but after they are paid the residue of such estate belongs to the heirs; that a court of equity is not bound at all times to enforce a strict legal right, and will not require an heir to pay over money to an administrator when such administrator has no debt to pay, nor any use to make of it connected with the estate, merely that he may retain it for his own benefit, or be paid his costs and commissions.

In fact our attention has not been called to an authority to the contrary.

But plaintiff insists that the defense is simply a collateral attack upon the order and judgment of the probate court directing him as public administrator to take charge of the estate, which if true, the facts pleaded as such defense affords no defense to this action, for the validity of that order can not be questioned in this action. [Riley's Admr., v. McCord's Admr., 24 Mo. 265; Naylor's Admr., v. Moffatt, 29 Mo. 126; Green v. Tittman, 124 Mo. 372.] But we are unable to assent to this contention; upon the contrary, the question simply is as to the right of the administrator to the possession of property, to which he is only entitled for the payment of debts against the estate, and for distribution among the heirs

of deceased where there are no debts, and distribution of the property was made more than ten years before the institution of this suit among the heirs by common consent, who were of age and competent to do so. We know of no principle of law which forbids such a distribution by the heirs under such circumstances, and if it would not be a mockery of justice for a court of equity to require the defendants to pay over to plaintiff when there are no debts against the estate to pay, and no legitimate use for it in his capacity as administrator, merely for the purpose of allowing him to obtain it and use it, and then pay it back to them, less his costs and commissions, it is difficult to say what would.

For these considerations the demurrer to the answer was properly overruled, and as plaintiff declined to plead further, the judgment rendered for defendants thereon, should be affirmed. It is so ordered.

*Sherwood, P. J.,* and *Gantt, J.,* concur.