WHITE, Administrator, Appellant, v. BLANKENBECKLER, Administrator, Respondent.

St. Louis Court of Appeals, January 30, 1906.

1. **APPELLATE PRACTICE:** Abstract of Record. Where, on appeal, a full transcript of the record is filed in the appellate court, the abstract of the record filed by the appellant is sufficient if it contains a recital of the proceedings in the trial court resulting in the appeal, the pleadings, and a summary of the evidence of each witness introduced.

2. **STATUTE OF LIMITATIONS:** Administration. Where one takes possession of property left by a deceased party, and claims it as his own, the Statute of Limitations does not begin to run in favor of such possession until an executor or administrator of the owner, deceased, is appointed.

3. **ADMINISTRATION:** Conversion. Where the widow took possession of her deceased husband's personal property and converted it to her own use, and where it was not shown that any of the identical property left by him was in her possession at her death. his administrator could not maintain against her administrator, who had possession of the property which she left, an action for converting the property left by the husband.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*Livingston & Burroughs* for appellant.

The Statute of Limitations does not begin to run against an estate until the appointment of an administrator. It will not be set in operation until some one is capacitated to use. McDonald, Admr., v. Walton, 1

Mo. 726; Reilly v. Chouquette, 18 Mo. 220; State to use
v. Heman, 7 Mo. App. 420, 70 Mo. 441. The widow be-
ing a trustee for the heirs, no lapse of time would be a
bar to them. Dillon's Admr. v. Bates, Trustee, 39 Mo.
292. The possession of a trustee will not be deemed ad-
verse as against his *cestui que trust,* unless there has
been an open disavowal of the trust fully and unequivoc-
ally made known to the beneficiary. Goodwin v. Good-
win, 69 Mo. 617; Hill on Trustees, sec. 264; Perry on
Trusts, sec. 863.

*O. L. Haydon* and *W. P. Campbell* for respondent.

BLAND, P. J.—It appears from the evidence ad-
duced on the trial that Elisha Wallin, who was the hus-
band of Mrs. N. A. Wallin, died intestate, in February,
1893, possessed of a small stock of merchandise of the
value of about two hundred and fifty dollars, one milch
cow (since dead), worth forty dollars, a yoke of oxen,
sold for sixty-five dollars, one hundred and fifty dollars
in open accounts, one hundred and seventy-five dollars
of solvent notes, one hundred and eighty dollars in cash,
the usual amount of household goods kept by families
in his circumstances, and a lot of provisions. At the
time of his death, he was postmaster and kept the post-
office in his store. His widow succeeded him as post-
master, took charge of the store and all the goods, wares
and merchandise and all of his other personal assets.
She collected the outstanding accounts and notes and
continued to run the store in her own name and on her
own account until her death, which occurred on the
twenty-ninth day of May, 1904. Defendant is the admin-
istrator of her estate and as such took possession of the
goods and merchandise found in the store and all of her
other assets, the appraised value of which is $794.53.
After the death of Mrs. N. A. Wallin, plaintiff was ap-
pointed administrator of the estate of Elisha Wallin,
and as such demanded of the defendant all the personal

property in his hands as assets of the estate of N. A. Wallin. Defendant refused to deliver said property or any part of it to plaintiff, whereupon plaintiff brought this suit, alleging that the goods, moneys, effects, etc., inventoried as belonging to the estate of N. A. Wallin, were the goods and effects of the estate of Elisha Wallin, and that the defendant, as administrator of N. A. Wallin, wrongfully converted said property on the — day of June, 1904, and has wrongfully disposed of the same to plaintiff's damage in the sum of one thousand dollars, for which judgment was prayed against the defendant as administrator of the estate of N. A. Wallin, deceased.

The answer was a general denial and the following affirmative defense:

"For second and further defense the defendant says that he is the duly qualified administrator of the estate of N. A. Wallin, deceased, and as such administrator he did, in the ordinary course of administration, take possession of all the personal estate and property of said decedent that was known to him, and that he now holds the same as such administrator. He expressly denies that the plaintiff has ever had any interest in said property, or any part thereof, or was ever possessed of the same. On the contrary he alleges that at the time of her death the defendant's decedent was the absolute owner and in actual possession of all of said property.

"For a third and further defense the defendant says that the said N. A. Wallin, deceased, was at the time of her death and for more than ten years prior thereto in the actual and continued possession of all the property that has come into the defendant's possession as her administrator, under a claim of ownership adverse to the plaintiff and to all other persons.

"He therefore pleads and relies upon section 4272 and 4273, of the Revised Statutes of 1889, and the defendant alleges that if the plaintiff ever had any claim to said property his right of action for recovery of same is barred by each one and both of said statutes."

Plaintiff showed that he had demanded of the defend-
ant all the goods and personal property inventoried by
the defendant as belonging to the estate of N. A. Wal-
lin, but defendant had refused to deliver the same to
him. The evidence tends to show that after the death
of her husband, Mrs. N. A. Wallin went to see the pro-
bate judge of Howell county in regard to said estate and
was told by the judge that she would have to take out
letters of administration; that afterwards she called in
two "of the Wallin boys" and told them if they would
let her have the store and run it as long as she lived
that what was left at her death should go to them, and
they agreed to this proposition.

The issues were submitted to the court sitting as a
jury who, at the close of plaintiff's evidence, gave a dec-
laration of law to the effect that the plaintiff could not
recover, and rendered judgment for the defendant.

1. Defendant has contented himself with filing a
motion to dismiss the appeal, on the ground that the ab-
stracts filed by plaintiff are insufficient and fail to com-
ply with the rules of the court. The case is here on a
full transcript. The abstracts filed by plaintiff contain
a recital of the proceedings in the trial court, resulting
in the appeal, the pleadings and a summary of the evi-
dence of each witness introduced. We think it substan-
tially complies with the rule of the court, in cases where
a full transcript is filed, and deny the motion to dis-
miss the appeal.

2. We are not informed by anything that appears
in the record on what particular ground or for what
reason the court gave the declaration of law to the effect
that plaintiff could not recover. Plaintiff states in his
brief that the trial court was of the opinion that the ac-
tion was barred by the Statute of Limitations. If the
court took this view, it was in error, for the statute is
not put in operation by one taking possession of prop-
erty left by a deceased party and claiming it as his own.
It does not begin to run until an executor or adminis-

trator is appointed. The general rule is, to set the statute in motion, there must be some one, at the time, having capacity to sue. [McDonald v. Walton, 1 Mo. 727 (republication 521).] Where there is no one to sue, laches cannot be imputed. [Reilly v. Chouquette, 18 Mo. 220; Dillon's Admr. v. Bates, 39 Mo. 292.]

3. The evidence fails to show that the personal property, or any of it, owned and possessed by Elisha Wallin at the time of his death, was on hands and in the possession of his widow at the time of her death; to the contrary, the evidence tends to show that none of it was on hand at the time of the death of his widow, therefore, none of it came into the possession of the defendant as her administrator. According to the evidence, Mrs. N. A. Wallin took charge of all her deceased husband's property and continued to use and dispose of it as she pleased during her lifetime. If there was a conversion, it is she who was the guilty party, as none of Elisha Wallin's property could be identified as coming into the hands of her administrator. It is not clear on what theory of law the defendant, as administrator, can be deemed a party to a wrongful conversion of personal property by his intestate. It seems to us that plaintiff's remedy is the ordinary one provided by law for the allowance of demands against a decedent's estate in the probate court.

4. Plaintiff insists that by the agreement testified to have been made by and between Mrs. N. A. Wallin and the "Wallin boys," that she should have the management and use of her deceased husband's estate during her lifetime, and at her death what remained should go to them, she, as to this property, became a trustee and held it as such for the benefit of the heirs at law of Elisha Wallin. It appears that there were four "Wallin boys," two brothers and two nephews of Elisha Wallin. Only two of them were parties to the agreement with Mrs. N. A. Wallin. It is not shown that the "Wallin boys" are the heirs at law of Elisha Wallin, nor does it

affirmatively appear that there are no debts against his estate. If the "Wallin boys" are his heirs at law and there are no debts against his estate, it may be, that in a proper equitable proceeding, they may be able to show that N. A. Wallin held the personal property of her deceased husband as their trustee and establish an equity in the assets in the hands of her administrator, superior to the claim of her heirs; but this cannot be done in a suit against her administrator for conversion.

The judgment is affirmed. All concur.