THOMAS R. PULLIS, Appellant, v. ANGELINE E. PULLIS, Administratrix of AUGUSTUS PULLIS, Respondent.

St. Louis Court of Appeals, November 5, 1907.

1. **EXECUTORS AND ADMINISTRATORS:** Administrator De Bonis Non: Partnership Estate: Right of Surviving Partner. Where the widow of a deceased partner was appointed administratrix *de bonis non* of her husband's estate, and before making an inventory of that estate, was at the same time appointed administatrix *de bonis non* of the partnership estate, this ignored the right of a surviving partner under sections 57 and 61, Revised Statutes 1899; it *seems* that the priorities in the right of administration apply to administrators *de bonis non* as well as original administrators.

2. ———: ———: Unadministered Assets. Prior to the act of 1903, an administrator *de bonis non* could not be appointed except when an original executor or administrator had died, resigned or his letters had been revoked. [R. S. 1899, section 46.] By the Act approved March 26, 1903, that section was amended so that an administrator *de bonis non* could be appointed after a final settlement and discharge if unadministered assets "be discovered . . . and there are unpaid allowed demands against said estate, in cases not otherwise provided for."

3. ———: ———: ———. The discovery of unadministered assets of a partnership estate is not sufficient ground for granting letters of administration *de bonis non* on such estate, where no unpaid allowed demands against such estate are shown and there is nothing to show that the discovered assets could not be distributed among those entitled to them without resort to administration.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

REVERSED AND REMANDED.

*Harmon J. Bliss* for appellant.

*Jones & Hocker* for respondent.

GOODE, J.—Prior to January 2, 1884, a copartnership known as Pullis Brothers, did business in the city of St. Louis. It was composed of three members, Theodore, Augustus and Thomas R. Pullis, all residents of said city and each having a third interest in the copartnership. Theodore died on the date named and a few weeks afterwards his brother Augustus Pullis, as surviving partner, after giving bond, took possession, administered on and wound up the partnership estate. In the course of this administration the debts of the firm were fully paid and on October 26, 1889, Augustus filed a final settlement, was discharged as administrator and the partnership estate closed. Five years afterwards on October 13, 1894, Augustus Pullis died leaving a will of which Angeline E. Pullis, his wife, was execu-

trix. Letters testamentary were granted to her by the probate court of St. Louis and she administered on, finally settled and on March 22, 1897, closed the estate of her husband. Appellant Thomas R. Pullis, is the sole surviving member of the firm of Pullis Brothers, which was dissolved, as said, January 2, 1884, by the death of Theodore Pullis, and finally closed by the settlement on October 26, 1889, of Augustus Pullis as surviving partner. The facts being as stated, Angeline E. Pullis, on July 24, 1905, twenty-one and a half years after the dissolution of the partnership and about sixteen years after its final settlement, made application to the probate court for appointment as administratrix *de bonis non* with letters annexed of the estate of Augustus Pullis, which as said, she had finally settled eight years before. Nevertheless letters of administration *de bonis non* were issued to her, and on the same day she made application to the probate court for letters of administration *de bonis non* of the estate of said partnership, and such letters were likewise granted to her on that day and her bond of forty thousand dollars approved by the court. Thus she was on July 24, 1905, appointed administratrix *de bonis non* of the estate of her deceased husband and also appointed administratrix *de bonis non* of the old partnership estate of Pullis Brothers. In her application for letters on the partnership estate she set out that at the death of Theodore Pullis and the dissolution of the partnership, the firm owned four hundred shares of stock in the Oak Hill Cemetery Association of a value not in excess of $20,000 and that said assets were never administered on by Augustus Pullis as surviving partner. The application further stated that the purpose of the petitioner was to secure for the benefit of the copartnership the said shares of the capital stock of the Oak Hill Cemetery Association. Appellant asserts the right to administer as such surviving partner on said assets of the firm if an administration *de bonis*

*non* is necessary, which he disputes. He filed a motion in the probate court to have the letters granted to respondent Angeline Pullis, as administratrix *de bonis non* of the partnership estate, revoked, and having failed in his proceeding in the probate court, appealed to the circuit court, where the decision was again against him and he appealed to this court.

As Mrs. Pullis was appointed administratrix *de bonis non* of the partnership estate simultaneously with her appointment as administratrix *de bonis non* of her deceased husband's estate, and before she had taken an inventory of the latter estate, it would seem that the right of the appellant as surviving partner to administer was ignored. [R. S. 1899, secs. 57, 61.] The first of the cited sections provides that the party administering on the estate of a deceased partner shall include in his inventory of such estate, an inventory of the whole of the partnership estate if the surviving partner shall not have administered on the partnership estate at the time of the making of such inventory; and the second section provides that if the surviving partner shall neglect or refuse to give bond for the administration of the partnership estate within thirty days of the grant of letters on the estate of the deceased partner, the executor or administrator shall give bond in at least double the value of the partnership estate for the faithful administration of the same. In the present instance Mrs. Pullis was granted letters on, and permitted to give bond for the administration of the partnership estate, in disregard of those statutes, if they are intended to apply to an administration *de bonis non*, as well as an original administration. There is no provision in the article dealing with partnership administration (article 3) directly touching this question; but section 46 of article 2, in regard to the appointment of general administrators *de bonis non*, says letters of administration of goods remaining unadministered, shall be granted to those to

whom administration would have been granted if the original letters had not been obtained. It looks like our statutes intended the priorities in the right of administration, shall be observed in the appointment of all administrators *de bonis non,* as well as original administrators. [Donahy v. Hall, 45 N. J. Eq. 720.]

But the primary question is as to whether or not administration *de bonis non* should have been granted on the partnership estate, which had already been administered, all the debts paid, a final settlement made and approved and the administering partner discharged. Cases attempting to deal with this question in the absence of statutory regulation are few in number and somewhat inconsistent. Sometimes it has been held that no administration *de bonis non* can be granted on an estate which has been administered and settled, without first reopening the original administration by a proper proceeding. [Pate, Ex., v. Moore, 79 Ind. 20; Western U. Tel. Co. v. Scisch, 103 Ind. 227; Dodge v. Phelan, 2 Tex. Civ. App. 441.] Contrary rulings have been made, and it has been held in this State that, under proper circumstances, a new administration of an estate can be granted although there has been an administration and final settlement. [Rogers v. Johnson, 125 Mo. 202, 28 S. W. 635; Howell v. Jump, 140 Mo. 453, 41 S. W. 976.] And this is consistent with the doctrine maintained in this State that the only mode in which personal property can be devised to heirs and legatees, is by an administration. [State ex rel. v. Moore, 18 Mo. App. 406; Becraft v. Lewis, 41 Mo. App. 546, 552.] Yet here, as elsewhere, in exceptional circumstances, it has been held right to treat the personal property as having devolved on the heirs after a considerable lapse of time, even though there was no administration; it appearing that the heirs had effected a distribution among themselves and that the estate owed no unpaid debts. [McCracken v. McCaslin, 50 Mo. App. 85; Richardson

v. Cole, 160 Mo. 372, 61 S. W. 182.] The above refer-
ences to the law are not strictly necessary, for in our
opinion the question is now controlled by statute. Prior
to 1903 there was no express statute for the appointment
of an administrator *de bonis non*, except when an origi-
nal executor or administrator had died, resigned or his
letters had been revoked. [R. S. 1899, sec. 46.] The
decisions in this State above cited were made when the
legislation on the subject was in that condition. But
by an act approved March 26, 1903, section 46 of the
Revised Statutes of 1899, was amended by providing for
an administration *de bonis non*, not only in case of the
death, resignation or revocation of the letters of an ad-
ministrator or executor, but also if "after final settle-
ment of an estate is had and the executor or administra-
tor has been discharged, unadministered assets be dis-
covered after such final discharge *and there are unpaid
allowed demands against said estate,* in cases not other-
wise provided for." The words of the statute which we
have italicised indicate when, in the opinion of the Legis-
lature, it is necessary to grant letters of administration
*de bonis non,* because of the discovery of unadministered
assets after the approval of the final settlement and
discharge of the original executor or administrator. It
is plain the Legislature did not intend that every dis-
covery of such assets should invoke a new administra-
tion, but that this should occur only when there were
allowed demands still unpaid, or, perhaps, in instances
covered by the words "in cases not otherwise provided
for." Presumably if there are no such demands, and
no such special circumstances calling for a new admin-
istration, none ought to be granted, but the heirs and
legatees who are entitled to the newly discovered assets
ought to be left to settle their rights by ordinary process
in law or equity or by a voluntary distribution among
themselves. Even before the amendment of the law this
was pointedly said by our Supreme Court in Ratliff v.

Magee, 165 Mo. 461, 469, 65 S. W. 713. The court said:
"If, after an administrator has been duly dischar-
ged, assets of the estate are discovered which had not
been drawn into the administration, and there remain
unsatisfied duly allowed claims of creditors, the old
administration can not be reopened and revived, but an
administrator *de bonis non* must be appointed and a
new administration opened. [Byerly v. Donlin, 72 Mo.
270; Woerner, Am. L. of Adm. sec. 179.]"

We do not say what the meaning is of the phrase
"in cases not otherwise provided for," because it is un-
necessary to do so; inasmuch as no circumstances call-
ing for a new administration appear in the present rec-
ord, unless the finding of the new assets does. There is
nothing to show that the shares of stock alleged to con-
stitute assets of the old partnership cannot be distrib-
uted among those entitled without resort to adminis-
tration. We are clear that as the statute (section 46)
stands since the amendment of 1903, no ground was
shown for the grant of letters on the firm estate. [See,
too, Byers v. Weeks, 105 Mo. App. 72, 79 S. W. 485;
Richardson v. Cole, 160 Mo. 372, 61 S. W. 182; McCrack-
en v. McCaslin, 50 Mo. App. 85.]

The judgment is reversed and the cause remanded.
All concur.