HERMAN PAINTER, etc., Appellant, v. LIZZIE C. M. PAINTER, Respondent.

St. Louis Court of Appeals, January 18, 1910.

1. CONVERSION: Tenancy in Common: Sale by One Co-Tenant. Where a father devised all his property to his wife and children, to be divided equally between the children at her death, a declaration by one of the children, after the mother's death, that she had bought the property from her mother should not be treated as a conversion as to the other children nor as to the administrator of the father's estate, the mother and children being tenants in common during the mother's life and there being no proof that the sale was meant to exclude the other legatees from their estate in the property.

2. ———: ———: ———. Prima facie the sale by the mother, as one of the co-tenants, would pass her title only, it not appearing she claimed exclusive ownership.

3. ———: ———: ———. Under such circumstances, the mere detention of the property by the legatee who claimed to have bought it from her mother would not afford her co-owners a case for conversion, especially in the absence of a showing her possession was intended to exclude their rights or that they had ever made a demand to share in the use and enjoyment of the property.

4. ——: ——: ——: **Failure of Proof: Direction of Verdict.** In an action for conversion, where conversion on the date alleged was not proved, a verdict was properly directed for defendant.

Appeal from Warren Circuit Court.—*Hon. Jas. D. Barnett,* Judge.

AFFIRMED.

*J. W. Delventhal* and *E. Rosenberger & Son* for appellant.

There was sufficient evidence of a conversion and the court erred in not sending the case to the jury. Bank v. Brooks, 52 Mo. App. 364.

*Emil Roehrig* for respondent.

(1) The demurrer to plaintiff's evidence was properly sustained; there was no evidence of any conversion by this defendant. 2 Greenleaf on Ev., secs. 642, 644; Bank v. Tiger Tail, etc., Co., 152 Mo. 145; 3 Starkie, 1491, 5 Am. Dig. 511; Nanson v. Jacob, 93 Mo. 331; Beckman v. McKary, 14 Cal. 250; Parker v. Middlebrook, 24 Conn. 207; 1 Chitty on Pldgs. (8 Am. Ed.), 149, 159; White v. Blankenbeckler, 115 Mo. App. 722; Railroad v. Lumber Co., 48 So. Rep. 377. (2) The right to the possession of the property described in the petition was in Sophia Painter, the life tenant, at the time of the alleged conversion in the year 1903, not in this plaintiff. White v. Blankenbeckler, 115 Mo. App. 722, 16 Cyc., p. 618; Mfg. Co. v. Bank, 49 So. Rep. 246.

GOODE, J.—Solomon Painter died in May, 1883, leaving four sons and four daughters. The devising clause of his last will was. as follows:

"After the payment of my debts and funeral expense, I want all of my personal property and farming utensils and real estate left to my wife and children

during her single life, at her death it is to be sold and equally divided among my children, except my three boys, Herman and Otto and John, I want to give one hundred and fifty dollars advantage of the girls. All the surplus money made over and expenses to be put at interest. I further claim the right of everything so long as I live; at my death I want three disinterested men to appraise the property and put it in book form, and at her death the same process."

Sophia Painter, widow of the testator, survived him until November, 1906, or twenty-three years, when she died. The defendant, Lizzie Painter, who is one of the children of Solomon and Sophia Painter, lived on the home place with her mother until the latter died, and according to the testimony of plaintiff, Herman Painter, the mother remained until her death in possession of all the personal property left by Solomon Painter. He testified further certain articles of personal property which had formerly belonged to Solomon Painter were on the home place when his mother died. No administration was granted on the estate of Solomon Painter until December 10, 1906, or about a month after the death of the widow, when Herman Painter was appointed administrator and as such inventoried what personal property still remained at the home place. He testified there were some tables, a heating stove, chairs, vice and anvil, wagon, bed, desk, benches, two mules and other property; that after his appointment he went to the home place and demanded to be allowed to have those articles appraised as belonging to the estate of Solomon Painter, but defendant, Lizzie Painter, met plaintiff and his appraisers at the door of the house and refused to let them enter to appraise the property, saying she had bought everything and it all belonged to her, turning over to plaintiff some old papers which she said were all that belonged to her father's estate. Plaintiff testified the property which remained on hand and belonged to his decedent's

estate was worth about one hundred dollars; that Lizzie Painter said she had bought from her mother for seven hundred dollars all the personal property her father left. Other testimony which need not be stated was given, and when plaintiff rested the court directed the jury to return a verdict for defendant and plaintiff appealed. The action is in the nature of trover to recover one thousand dollars as the value of various articles of personal property, including those already mentioned and many others alleged to have belonged to the estate of Solomon Painter, and to have been converted by defendant to her own use in December, 1903. It is alleged defendant sold and disposed of some of the personal property described in the petition and otherwise converted the remainder to her own use. Plaintiff sues as administrator, avers his appointment in December, 1906, and that defendant, after demand duly made by him, had neglected to surrender the property described in the petition or pay the reasonable value thereof. As filed the case was against the husband of defendant, as well as herself, and the petition contained two counts; but the plaintiff dismissed as to defendant's husband and also dismissed the second count of the petition, or took a nonsuit upon it.

At the date of the alleged conversion, to-wit, in December, 1903, it is certain the plaintiff was neither in possession of the property alleged to have been converted, nor did he have title to it, for he had not been appointed administrator, and was not appointed until three years later. We do not say plaintiff, as an administrator subsequently appointed, cannot maintain an action for a conversion at that date, if one occurred, having no occasion to decide the point, as we hold no testimony was adduced tending to prove a conversion by defendant at said date, or any time near it. By the will of the testator, the property in controversy belonged to his wife and children during her life, and they owned it as co-tenants. In strictness of law the

title should have passed to them through personal representatives of the deceased and an administration of his estate. But so far as appears, there were no creditors, the legatees were of age, and in such circumstances a distribution of personal assets by the heirs or legatees without administration has been tolerated and the title treated as in them, though the regular method of devolving the title of a decedent by administration had been omitted. [Richardson v. Cole, 160 Mo. 372, 61 S. W. 182; Bank v. Hoppe, 132 Mo. App. 449, 111 S. W. 1190; Pullis v. Pullis, 127 Mo. App. 294, 105 S. W. 275; McCracken v. McCasslin, 50 Mo. App. 85.] The fair way to treat this case is to regard the title to the property in controversy as having vested in the legatees, the mother and children as tenants in common during the mother's life. Nothing was proved tending to show a conversion in 1903, during the life of her mother, by defendant, except her declaration to plaintiff, after the mother's death, that she (defendant) had bought the property from her mother. It was not proved the other children had been excluded in any way from controlling and enjoying their interest in the property so as to work a conversion as to them, except said statement of a sale by the mother to defendant; and in the absence of some proof that the sale was meant to exclude the other legatees from their estate in the property, such as a demand by them to share in the enjoyment of the property and refusal to accede to the demand, we do not think the sale should be treated either as a conversion against them, there being at the time no administration on the father's estate, nor as conversion for which the administrator could sue after his appointment. Prima facie the sale by the mother as one of the co-tenants to defendant, would only pass the mother's interest, as it does not appear the mother claimed exclusive ownership. [Brown v. Wellington, 106 Mass. 318; 17 Am. and Eng. Ency. Law (2 Ed.), 680.] Anyhow, defendant's husband who was a legatee,

was as much entitled as any other legatee to possession of the property pending administration, and defendant's mother was likewise entitled to possession, which right, as to her own interest, she might pass to defendant. Under the circumstances the mere detention of the property by defendant would not afford her co-owners a case for conversion; especially as it does not appear her possession was intended to exclude their rights or that they ever had made a demand to share in the use and enjoyment of the property. [Williams v. Nolen, 34 Ala. 167; Bell v. Layman, 1 T. B. Mon. (Ky.) 40; Winner v. Penniman, 35 Md. 165; Stafford v. Azbell, 8 Misc. Rep. 316; Ripley v. Davis, 15 Mich. 75; Strong v. Colter, 13 Minn. 82; Newby v. Harrell, 99 N. C. 149; Heller v. Hufsmith, 102 Pa. St. 533; Cowan v. Buyers, Cooke (Tenn.) 53.] It results no conversion of the property in controversy in 1903 as alleged was proved, and hence the court did right in directing a verdict in defendant's favor.

It by no means follows defendant was entitled to retain the property against the demand of the administrator of her father-in-law's estate after one had been appointed, even if she had purchased from her mother; for the mother had only a life estate as co-tenant with her children. Hence we merely affirm the judgment without prejudice to the right of plaintiff to bring an action for conversion after demand made by him for possession of the property, but in so ruling we must not be understood to intimate any opinion as to what would be the result of such an action.

It is ordered the judgment be affirmed. All concur.