MARTIN T. MEYER, Administrator of the Estate of JOHN H. ASAHL, deceased, Respondent, v. E. C. NISCHWITZ, Executor of the Last Will of ANNA MARGARET ASAHL, deceased, Appellant.

Kansas City Court of Appeals, December 31, 1917.

1. **EQUITY: Administration of Estates: Jurisdiction of Circuit Courts.** A widow, the sole devisee and legatee, upon the death of her husband, took possession of his property, without the aid of administration, and for five years mingled the same with her own property and for six years more her executor continued such intermingling. During that time the widow and her administrator changed the property so commingled into various other forms of notes and certificates of deposit than those left at the death of the husband, so that it became almost impossible to separate it. In another proceeding an adopted daughter, not mentioned in the will, was adjudicated a pretermitted heir. The plaintiff was duly appointed administrator of the husband's estate and brought this action for an accounting. It was *held* that the facts and circumstances were so complicated and the questions involved so difficult, intricate and abstruse that only a court of equity had the power necessary to adjust and settle them.

2. ———: **Necessity for Administration: Probate Courts.** Where there are two or more heirs to an estate, one of whom appropriates the entire estate to his own use, the others may, upon application to the probate court, have an administrator appointed who will have power to take charge of the property of the estate and distribute it among the heirs, notwithstanding there may be no debts, and the order of the probate court appointing such administrator cannot be collaterally attacked.

3. ———: **Res Adjudicata: Plea of.** A plea of *res adjudicata* will not avail where the parties to the action are not the same, as in a case where one action is brought against a party as an individual and another as the executor of an estate.

4. ———: **Statute of Limitations.** The Statute of Limitations does not begin to run against an action for conversion of a deceased's personal property until the appointment of an administrator of his estate and until such time as the latter may maintain an action for its conversion. In this case the administrator of the estate of the deceased could not have maintained this suit until after the date upon which the adopted daughter was adjudged a pretermitted heir, and in view of this fact, the Statute of Limitations began to run from the latter date.

Appeal from Moniteau Circuit Court.—*Hon. Jack G. Slate,* Judge.

AFFIRMED.

*Embry & Embry* and *S. C. Gill* for appellant.

*L. F. Wood* for respondent.

BLAND, J.—In the month of December, 1906, John H. Asahl died testate in California, Missouri, leaving his widow, Anna Margaret Asahl, his sole devisee and legatee. However he had an adopted daughter who was not mentioned in the will and this court in the case of Buck v. Meyer, 195 Mo. App. 287, on December 18, 1916, declared said daughter to be a pretermitted heir. The effect of this decision was that said daughter was entitled to one-half of the personal estate regardless of the will. There was no administration on the estate of John H. Asahl at his death, but the widow took charge of the property, both real and personal, and treated the same as her own.

In the month of April, 1911, the widow died leaving a will appointing E. C. Nischwitz, appellant herein, as executor of her estate. The latter qualified and took charge of her estate as executor.

On April 27, 1911, after the death of Anna Margaret Asahl, Martin T. Meyer, the plaintiff herein, was appointed administrator of the estate of John H. Asahl, deceased. On March 29, 1917, plaintiff brought this suit and in his petition alleged that at the time of the death of John H. Asahl the said Anna Margaret Asahl took possession of the entire estate of the said John H. Asahl, deceased, and intermingled the same with her own property; that upon the death of the said Anna Margaret Asahl the defendant as her executor took possession of said property of John H. Asahl, deceased, intermingled with that of the individual property of the said Anna Margaret Asahl, deceased; that the mingled property consisted of notes and various certificates of deposit in the California State Bank, aggregating the sum of seventy-nine hundred, forty-four and 20/100 ($7944.20) dollars; and prayed for an accounting of the property belonging to the said John H. Asahl, deceased, together with accumulations thereof and interest thereon. The answer pleaded as a bar to the action that the probate court had exclusive jurisdiction of the controversy; that there was a similar suit pending undisposed of between the parties in the probate court; that the matter had been adjudicated in a case arising in the probate court of Moniteau County, Missouri, appealed to the circuit court of said county and again appealed to the Kansas City Court of Appeals (Meyer v. Nischwitz, 177 S. W. 794), and, in addition, pleaded the Statute of Limitations. On trial before the court plaintiff recovered and defendant has appealed.

Defendant's first point is that the probate court of Moniteau county has exclusive original jurisdiction to hear and determine this cause in that a full remedy is given plaintiff through the processes of the probate court under sections 70-71-72-73, and 74, Revised Statutes 1909. In the case of Hook v. Dyer, 47 Mo. 214, the supreme court

had under consideration a case very similar to this one, and under the facts in that case the court held that the statute referred to by defendant in this case did not provide a proper method of investigating the subject, in that the wife in that case had so mingled the property of her deceased's ·husband with that of her own that it could not be easily separated, and that the statute under consideration did not furnish the best opportunity for investigating so complicated a matter. Claims of this nature frequently involve the most difficult, intricate and abstruse questions and require all the powers and machinery of a court of equity to adjust and settle upon an equitable basis. The probate court would have no jurisdiction to inquire into such controversies. [See Brewing Co. v. Steckman, 180 Mo. App. 1. c. 326.]

In the case at bar the wife, the widow of the deceased, had taken possession of the property of her husband, without the aid of administration, and for nearly five years mingling the same with her own. Such intermingling had been continued by her executor for six years more. The commingling had thus been going on for nearly eleven years by the widow and her administrator, changing the property so commingled into various other forms of notes and certificates of deposit than those left at the death of John H. Asahl that at the time of the trial it became almost an impossibility to separate the property of John H. Asahl, deceased, from that of the widow. Following the decision of the supreme court in the case of Hook v. Dyer, supra, we believe the facts of this case make it one of such complication as to confer jurisdiction on the circuit court and that the probate court had no jurisdiction.

Defendant next contends that as John H. Asahl, deceased, left no debts, there was no necessity for the appointment of plaintiff as administrator of his estate, in that defendant says that Anna Margaret Asahl was the sole distributee of the estate of John H. Asahl, deceased, therefore it would be requiring the doing of a useless and unnecessary thing to force such a distributee to turn over the property to such an administrator; that a

court of equity will not enforce the administrator's naked title in order that he may uselessly override the distributee's equitable title, and cites in support of these contentions the case of Richardson v. Cole, 160 Mo. 372, and similar cases.

In the case cited the public administrator, nearly twelve years after the death of the owner of the personal property, attempted to take charge of the property that had been voluntarily and without the aid of administration, shortly after the death of the deceased, distributed among the next of kin. The Supreme Court in that case held that the administrator could not take possession of the property under such circumstances.

This case, however, is not one where there is but one heir, or where there is more than one and all agree to the distribution of the estate without the aid of administration. Rather it is a case where there are two heirs, one of whom is appropriating the entire estate to her own use to the exclusion of the other. Under such facts defendant's point is not well taken. Under the circumstances in this case appellant is attempting to collaterally attack the judgment of the probate court directing plaintiff to take charge of the estate of deceased, which defendant cannot effectually do. [See Richardson v. Cole, supra.]

The next point raised by defendant is that his plea of *res judicata* should have been sustained by the court, in that there was a judgment adjudicating this claim against plaintiff in the case of Meyer v. Nischwitz, supra. In that case Nischwitz was sued personally and not as the executor of the estate of Anna Margaret Asahl, deceased. In this case he is sued in his capacity as executor and not in his individual capacity. In the case at bar the parties are different from those in the case of Meyer v. Nischwitz, supra, and therefore that case did not adjudicate the matter now in dispute between the parties. [State v. Branch, 134 Mo. 592.]

Defendant's next point is that the judgment is excessive. The judgment was for twenty-six hundred and sixty-nine ($2669.) dollars, on account of money de-

posited in the bank and other personal property owned by John H. Asahl that was mingled with the property of Anna Margaret Asahl, and for fifty-four and 4/100 ($54.04) dollars on account of net returns from John H. Asahl's real estate, collected by the executor of the estate of Anna Margaret Asahl, deceased, and coming to plaintiff. The evidence was ample to support the finding of this judgment. This evidence showed that John H. Asahl at the time of his death had notes on hand and certificates of deposit in the Farmers and Traders Bank in California, Missouri, aggregating said sum of money. In addition to this there is no evidence that Anna Margaret Asahl ever had more than twelve hundred ($1200) dollars of her own money before her marriage to John H. Asahl, and there is no evidence she ever received any other money of any kind from any other source at any time. At her death an inventory of her estate showed that she had personal property in the form of certificates of deposit and notes to the amount of seventy-nine hundred, forty-four and 20/100 ($7944.20) dollars. The court apparently placed the burden upon plaintiff to show the exact property mingled, and in view of this burden so placed on plaintiff the evidence amply justified the court in finding for plaintiff in the sum of money mentioned.

The last point made by defendant is that this suit is barred by the Statute of Limitations. In this connection defendant's contention is that as John H. Asahl died in December, 1906, and this suit was not begun until March 29, 1917, more than ten years had elapsed since Anna Margaret Asahl converted the property. This contention cannot be well taken for the reason that there was no one in existence who was authorized to sue for the conversion of the personal property of John H. Asahl, deceased, until the appointment of plaintiff as administrator of his estate, which, as we have already stated, occurred on the 27th day of April, 1911. The Statute of Limitations did not begin to run until this appointment.

[McDonald v. Walton, 1 Mo. 727; White v. Blankenbeck-ler, 115 Mo. App. 722.] But defendant says that plaintiff had only 'five years within which to bring this suit after his appointment. The decision of this court in the case of Buck v. Meyer, supra, was not rendered until December 18, 1916. The case was brought in the court below on July 12, 1912. Until July 18, 1916, Anna C. Buck had not been declared the pretermitted heir of John H. Asahl, deceased, and no suit brought by this administrator prior to that time could have been successfully prosecuted for the reason that prior to December 18, 1916, Anna Margaret Asahl appeared to be the only heir of John H. Asahl, deceased, and apparently administration was not necessary. As she had taken possession of the property without the intervention of an administrator, under the decision of Richardson v. Cole, supra, this plaintiff prior to said date would have been denied the right to recover. For these reasons we believe that the Statute of Limitations did not begin to run against the suit at bar until the decision of this court on December 18, 1916, declaring Anna C. Buck the pretermitted heir of John H. Asahl, deceased.

The judgment will be affirmed. All concur.