Todd v. James.

---

JOHN G. TODD, Administrator, Respondent, v. EDWIN F. JAMES, Appellant.

Springfield Court of Appeals, May 8, 1911. Motion for Rehearing Overruled July 20, 1911.

1. ADMINISTRATION: Title to Personal Property. It is the general rule in this State that upon the death of a person the legal title to his personal property passes to his administrator, with the equitable title in the distributees. The exception to this rule is that where there are no debts, and administration is unnecessary, the personal property may at once vest in the distributees.

2. BILLS AND NOTES: Principal and Surety: Extension of Note: Money Sent for Specific Purpose: Liability of Surety. In an

action against a surety on a note by an administrator, it appeared that the maker of the note had sent a draft to the administrator sufficient to pay interest in advance for several months, and requested an extension of the note up to the time the interest would be paid by the amount covered by the draft, but plaintiff refused to extend the note and on the next day brought suit against the surety, having credited the note with the amount of the draft. Two days thereafter the maker demanded the return of the draft unless the money was applied as he had directed. The surety defended on the grounds that plaintiff, by retaining the draft had granted an extension of the note, and thereby released the surety. *Held,* that the evidence showed that plaintiff expressly refused to extend the note and that his retension of the draft did not amount to a contract to extend the note.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*Delaney & Delaney* for appellant.

The doctrine of the common law that the administrator takes property in absolute title does not prevail in this State. The adjustment and disposition by parties in interest, in absence of affirmative showing that there are creditors, controls the title of administrator. Smarr v. McMasters, 35 Mo. 349; Stagg v. Linenfelser, 59 Mo. 336; Chandler v. Stephenson, 68 Mo. 450; Lessing v. Vertrees, 32 Mo. 431; Richardson v. Dreyfus, 64 Mo. App. 600; McDowell v. Orphan School, 87 Mo. App. 393; McCracken v. McCoslin, 50 Mo. App. 85. (2) Even if his honorable court should find that the title to the note is in the administrator, yet the administrator as plaintiff cannot recover because, (a) as administrator and charged with collection of said note, he had full authority to make an agreement for the extension of said note. North v. Walker, 66 Mo. 453; West v. Brison, 99 Mo. 684; Matson v. Pearson, 121 Mo. App. 132; Bridges v. Stephens, 132 Mo. 548. (b) Having such authority, the receipt of the money by him, the refusal to apply such

money as directed and the refusal to return the money after it was sent by the debtor and specifically directed by the debtor how to be applied, is in law an application as directed. By the conduct of plaintiff, a payment of interest was made and in consideration thereof the time of payment of said note was extended and such extension discharges the defendant, who was merely surety on said note. Hickam v. Hickam, 46 Mo. App. 496. (3) Plaintiff's refusal to extend the time of payment of the note cannot defeat the implied contract so created by law any more than any other disavowal by word will defeat the legal effect of acts. Ganter v. Kemper, 58 Mo. 570; Beck v. Haas, 111 Mo. 264; Brown v. Brown, 124 Mo. 79; Bahrenburg v. Conrad Co., 128 Mo. App. 526; Miners Bank v. Rogers, 123 Mo. App. 569; Bridges v. Stephens, 132 Mo. App. 669; Perkins v. Headley, 49 Mo. App. 596; Pollman Co. v. St. Louis, 145 Mo. 651. (4) By retaining the money and refusing to refund it the administrator placed it beyond his power to sue Wade until October whether he intended so to do or not. This promise is implied from his actions. By having placed it beyond his power to sue Wade he thereby discharged the surety. Rucker v. Robinson, 38 Mo. 154; Hosea v. Rowley, 57 Mo. 357; Bridges v. Stephens, 132 Mo. 548; Aultman Co. v. Smith, 52 Mo. App. 354; Planing Mill Co., v. Short, 58 Mo. App. 320.

*Edwin L. Moore* for respondent.

(1) Where there are no debts and the heirs are of age and willing, there may be a domestic partition, without an administrator having been appointed. Clearly this record does not show such a state of facts. McDowell v. Orphan School, 87 Mo. App. 393. (2) Now as to the defense of an extention of time, the briefest way to dispose of it is to show that it was neither properly pleaded nor proved. The answer does not say that the alleged extension was without the consent of James; and the evidence is equally silent upon that point. This

element was material. After considering this very prop-
osition the Supreme Court says: "The answer of the
defendants was clearly defective, in not alleging in addi-
tion to its other allegations that the contract herein re-
ferred to was made without their consent." State to
Use v. Manning, 55 Mo. 142; Ins. Co. v. Hauck, 83 Mo.
29; Westbay v. Stone, 112 Mo. App. 411. (3) Moreover
the mere payment of interest in advance does not dis-
charge a surety, and is not even any evidence of a con-
tract of extension. Russell v. Brown, 21 Mo. App. 55;
Bank v. Moorman, 38 Mo. App. 486; Bank v. Gardner,
57 Mo. App. 270; Bank v. Rogers, 123 Mo. App. 572;
Hosea v. Rowley, 57 Mo. 356. (4) Of course, as coun-
sel says, promises are sometimes implied. The law, how-
ever, will not imply a promise against the express declar-
ations of the party to be charged, made at the time of the
supposed undertaking, unless such party is under legal
obligation, paramount to his will, to perform some duty
(such as to furnish necessaries for his child.) Suits v.
Taylor, 20 Mo. App. 173; Crapson v. Wallace, 71 Mo.
App. 685; Bittrick v. Gilmore, 53 Mo. App. 56; 4 Cyc.
325, 326; Whiting v. Sullivan, 7 Mass. 107; Earle v. Co-
burn, 130 Mass. 596.

GRAY, J.—On Feb. 1st, 1909, Guy L Wade and
the appellant made, executed and delivered to G. H.
Walser, their promissory note for $700 by the terms of
which they agreed to pay said amount to Walser or or-
der, on or before one year from date, and with interest
at the rate of eight per cent per annum. The interest
was paid for one year.

About May 1st, 1910, Mr. Walser died, leaving a
widow and two children by a former marriage. A short
time after his death, the widow and the children agreed
upon a division of the property, by the terms of which
the widow took all notes, except the ones Walser had
put up as collateral security before his death.

The note in controversy was kept by Walser, together with certain other notes in the vault of the Bank of Liberal, in Barton county. Mr. Walser at that time lived in Liberal, and the plaintiff administrator was his son-in-law and the Cashier of the Bank. Sometime in the summer of 1909, Mr. Walser obtained a loan from the bank, and at the time stated to the cashier that the bank could hold the notes he had in the vault as collateral security. The note in question was in the vault at that time.

When the agreement was made with the widow, the note in controversy was treated by her and the other heirs as a note up as collateral, and therefore, was not to be received by her in the division of the property. The evidence does not show that Mr. Walser had any other notes up as collateral except the ones in the vault at the time he made the loan, and told the cashier that his notes in the bank might be held as collateral.

A short time after Mr. Walser's death, the plaintiff herein was appointed administrator of his estate and qualified, and was administering the estate at the time this suit was brought and tried. The note was inventorized by him as a part of the assets of the estate. Sometime after the death of Mr. Walser, the note he owed the bank was paid and the administrator took charge of the collateral notes, including the one in suit, and placed it in the hands of an attorney for collection.

On the 24th day of August, 1910, Mr. Wade sent to Mr. Todd by mail a draft for $37.33, stating it was to be used in payment of the interest on the note until October 1st, 1910. Mr. Wade stated in his letter that he thought by October 1st, he would be in a position to take care of the note. On the 25th of August, the plaintiff, as cashier, wrote Mr. Wade that he could not grant an extension for the reason that it was the intention to institute suit at once against the appellant for the September term of the court. The latter further stated that the writer had learned that Mr. Wade was bankrupt, and therefore the

bank declined to extend the time of payment. On August 28th, Mr. Wade wrote to the plaintiff demanding the return of the draft unless the money was applied as he had directed. In the meantime, and on August 26, 1910, this suit had been commenced by the plaintiff as administrator of the estate of Mr. Walser.

The answer alleged that appellant executed the note as surety, and that plaintiff and deceased well knew that fact; that for a valuable consideration to plaintiff, paid by Mr. Wade, the plaintiff renewed and extended said note so that the same became due and payable October 1, 1910, and by reason thereof, the appellant was discharged. The answer also denied that plaintiff, as administrator, was the owner of the note at the time the suit was commenced.

The cause was tried before the court without a jury, resulting in a judgment in favor of the plaintiff, from which defendant appealed.

The facts as above stated are not disputed, and therefore, the issues are to be determined by applying the law to said facts. It is the general rule in this state, that upon the death of a person, the legal title to his personal property passes to the administrator, with the equitable title in the distributees. [Richardson v. Cole, 160 Mo. 372, 61 S. W. 182.] The exception to the rule is that where there are no debts, an administrator is unnecessary, and the personal property may at once vest in the distributees. [Richardson v. Cole, supra; Johnson v. Johnson, 173 Mo. 91, 73 S. W. 202.] But in this case the evidence shows there were debts and an administrator was appointed. The evidence further shows that the agreement between the heirs and the widow was that notes up as collateral, should pass to the estate; and that all the parties treated the note in controversy as one up as collateral.

The administrator took charge of the note and inventoried it as an asset of the estate. The debt it was deposited to secure, has been paid, and the note released.

These things being conceded, the title to the note sued on was in the administrator and he is the proper party to maintain the suit.

It is contended that the appellant was a surety on the note, and that he was discharged by virtue of the agreement between the plaintiff and Wade, extending the time for the payment of the note to October 1, 1910. This contention is made in the face of the evidence, so far as any agreement for extension is concerned. When Mr. Wade sent the draft referred to to the plaintiff, the note was past due and unpaid. It is true Mr. Wade stated it was to pay interest in advance to October 1, 1910. The plaintiff refused to accept it as advance interest, and refused to extend the time of payment, and assigned as reason therefor that he intended to institute suit at once against the surety. He further stated to Mr. Wade that he had credited the amount on the note. Before a reply was received to this letter, this suit was instituted.

The appellant claims that the plaintiff was compelled to either return the money to Wade, or grant the extension, and cites for his authority, Pollman Coal Co. v. St. Louis, 145 Mo. 651, 47 S. W. 563; Dove v. Fansler, and similar cases, 132 Mo. App. 669, 112 S. W. 1009.

The two cases just mentioned related to disputed accounts and wherein the debtor sent his check for the full amount he claimed to owe, and with the statement that it was in full payment of the debt. The court held that if there was a dispute as to the amount due, and the party made an offer to compromise by sending the amount he claimed to owe, with the statement that it was in full payment, then at least it made a prima facie case of full payment if the creditor accepted the payment under the conditions.

The legal principles involved in these cases and in the one now under consideration are entirely different. It is claimed here by the appellant that he was discharged from his obligation because of a new contract

made between the plaintiff and Mr. Wade.  Mr. Wade,
did not send the amount he claimed to be due, and there
was no dispute between the parties relating to the sum
due on the note.  He sent the draft to pay back interest,
and also interest in advance.  The plaintiff refused to ex-
tend the time of payment to October 1st, for the express
reason that he desired to bring suit at once against the
appellant herein, and not only was there no agreement
to extend the time, but an express refusal so to do.

We think the trial court correctly held that the
surety was not disregarded under the circumstances.

The above are all the points urged for a reversal, and
having determined them against the appellant, the
judgment should be affirmed and the same is accordingly
done.  All concur.

