JAMES BELL, Public Administrator, Appellant, v. FARMERS & TRADERS BANK, Respondent.

St. Louis Court of Appeals, March 2, 1915.

1. EXECUTORS AND ADMINISTRATORS: Dispensing with Administration: Rights of Distributees. The general rule undoubtedly is, that title to personalty will pass to and vest in the administrator or executor; but where no debts appear against the estate and the heirs or legatees are all of lawful age and, by common consent and without fraud or mistake, make a distribution of the personal assets among themselves, dispensing with administration, the equitable interests of such heirs or legatees should then be regarded as the whole title.

2. COLLATERAL INHERITANCE TAX: Persons Liable for Payment. The collateral inheritance tax is not a debt of, or a claim against, the estate, as such, but it attaches to the property, or interest therein, passing to the individual heir.

3. EXECUTORS AND ADMINISTRATORS: Dispensing with Administration: Payment to Heirs: Liability of Debtor. Where a bank, in which an intestate, who left no debts, had a deposit, paid the deposit to his heirs, all of whom were majors, and it was distributed among them, an administrator subsequently appointed could not recover the amount of the deposit from the bank, although the collateral inheritance tax had not been paid, since the heirs had the equitable title to the deposit and had the right, under the circumstances, to partition it among themselves; the collateral inheritance tax not being an obligation of the estate, but of the collateral heirs, and, under these circumstances, collectible only from them.

4. ————: Collateral Attack. The appointment of an administrator is not subject to collateral attack.

5. ————: ————. Where the heirs of an intestate who left no debts, all of whom were majors, divided his estate among themselves, the denial of the right of an administrator subsequently appointed to the possession of such property, in an action brought by him in the circuit court, did not amount to the sustaining of a collateral attack upon his appointment, but was merely a

determination by a court of equitable cognizance that he was not entitled to the possession of the property.

6. COSTS: Persons Entitled to Recover: Executors and Administrators. In an action by an administrator of an intestate, who left no debts, to recover the amount of a bank deposit which the bank had paid to the heirs, all of whom were majors, a judgment for the bank will not be reversed with directions to enter judgment for the amount sued for, to be satisfied upon payment of the costs in the circuit court and the costs of administration, since plaintiff was not entitled to prevail and the costs must abide the result.

Appeal from Clark Circuit Court.—*Hon. Charles D. Stewart*, Judge.

AFFIRMED.

*J. A. Whiteside* and *Orville M. Barnett* for appellant.

(1) On the death of a decedent the title to his choses in action passes to his representative, and the heir can acquire no title except through administration. Jacobs v. Maloney et al., 64 Mo. App. 270; Becraft v. Lewis, 41 Mo. App. 546; McMillan v. Wacker, 57 Mo. App. 220; Adey v. Adey, 58 Mo. App. 408; Griswold v. Mattix, 21 Mo. App. 262; Smith v. Denny, 37 Mo. 20; Richardson v. Cole, 160 Mo. 372. (2) The collateral inheritance tax is a bonus or duty levied upon the right or privilege of the devisee, heir or distributee to receive his share. State ex rel. v. Henderson, 160 Mo. 190, 215; Blakemore & Bancroft, Inheritance Taxes, page 682; Ross on Inheritance Taxation, page 5; Estate of Hite, 159 Cal. 392; Wieting v. Morrow, 151 Iowa, 590. (3) The instant of intestate's death the tax became due and payable. Section 310, R. S. 1909. The tax is a first lien against the property. Section 309, R. S. 1909. An obligation is placed on the administrator to deduct the amount of the tax. Section 316, R. S. 1909. The probate court given ju-

risdiction to hear all questions arising as to tax. Section 326, R. S. 1909. Probate court given absolute power to grant letters of administraton on motion of any person interested. Section 16, R. S. 1909.

*C. T. Llewellyn* for respondent.

Laws imposing inheritance taxes are based we are told in a recent case upon two principles: 1. An inheritance tax is not one upon the property but on the succession. 2. The right to take property by devise or descent is the creature of the law, and not a natural right—a privilege and therefore the authority which confers it may impose conditions upon it. 1 Cooley on Taxation (3 Ed.), page 34; State v. Switzler, 143 Mo. 287; State v. Alston, 94 Tenn. 674; State ex rel. Schwartz v. Ferris, 53 Ohio St. 314; Wallace v. Meyers, 4 L. R. A. 171. Such tax is a burden on person succeeding to the right or interest mentioned, measured by the value of his interest and collectable out of it, therefore until the estate be transferred and vested, there is no basis for such tax. State ex rel. Garth v. Switzler, 143 Mo. 287; In re Roosevelt's Estate, 143 N. Y. 327; Kelly's Probate Guide (4 Ed.), page 553.

ALLEN, J.—Dow M. Glover, a resident of the State of Iowa, died intestate at Wyaconda, Missouri, on July 12, 1911. It appears that he had lived in the State of Iowa for about ten years, but being in bad health he came to the home of his father, B. F. Glover, in Wyaconda, on the fifth or sixth day of June, 1911, intending to remain but a short time and to go to a sanitarium. On June 7, 1911, a day or two after coming to his father's home, he deposited in defendant bank $1300, and on the twentieth of the same month deposited the further sum of $150. Defendant issued to him time certificates for these respective amounts, to

bear interest at three per cent per annum, should the money so long remain in defendant's hands. He also deposited $51.19 on current account, making a total of $1501.19 thus placed with defendant bank. He left surviving him, as his heirs, his father, a brother residing in this State, and a sister who resided in Iowa. After his death, the heirs arranged with defendant bank to pay over to them the above-mentioned funds in its hands, upon the payment by them of the funeral bill and expense incurred for medical attention, etc.; it appearing that the deceased owed no debts at the time of his death beyond such as had been contracted during his illness at his father's home. This plan was carried into effect, and pursuant thereto the bank paid to the heirs the funds held by it; and after deducting the amount of the expenses aforesaid, the heirs made distribution of the remainder thereof among themselves.

Thereafter, on or about August 29, 1911, though no administration had been had, the probate court of Clark county, at the instance of the county collector, made an order appointing an appraiser to appraise the estate of Dow M. Glover, deceased, for the purpose of collecting the collateral inheritance tax claimed to be due upon the distributive shares of the brother and the sister. The appraiser filed a report showing that the deceased had on deposit in defendant bank, at the time of his death, the above-mentioned sums of money; whereupon the probate court made an order purporting to assess the collateral inheritance tax. At the instance of the collector, further proceedings were had in the probate court which resulted in the appointment of one Kurtz, cashier of defendant bank, as administrator of said estate. Kurtz, however, declined to qualify, and on October 12, 1911, the court ordered that plaintiff, public administrator, take charge of the estate. On November 18, 1911, plaintiff, as such administrator, instituted this action.

The petition, which is in three counts, seeks to recover from defendant the said sum of $1501.19, with interest, upon the theory that the title thereto became vested in plaintiff as administrator. It appears that subsequent to the institution of the suit the brother and the sister of deceased paid the collateral inheritance tax assessed against their respective shares.

The cause was tried before the court, without the intervention of a jury, and resulted in a judgment for defendant, from which plaintiff prosecutes this appeal.

As shown above, the action is here not one to recover a collateral inheritance tax, but proceeds upon the theory that plaintiff, as administrator, succeeded to the title to the property in question, and may recover it from the defendant regardless of the previous distribution thereof among the lawful heirs of the deceased; though the suit grows out of an attempt to collect such tax. It appears that the heirs took the position that because of the fact that the deceased was a resident of the State of Iowa, and but temporarily at his father's home, the property was not subject to the tax. But whether or not these funds were property in this State subject to the tax, is a matter which we deem it unnecessary to pass upon, under the circumstances.

Appellant urges that the heirs could acquire no title except through the administrator; that plaintiff succeeded to the legal title to the property, and that the defendant's payment thereof to the heirs affords it no protection in the premises whatsoever. The general rule undoubtedly is that title to personalty will pass to and vest in the administrator or executor. But though this be true, where no debts appear against the estate, and the heirs or legatees are all of lawful age, and, by common consent and without fraud or mistake, make a distribution of the personal assets among themselves, dispensing with administration, our courts have frequently held that the equitable inter-

ests of such heirs or legatees should then be regarded as the whole title. This exception to the general rule appears to proceed upon the theory that the equitable title is always in the distributees, and that where, under circumstances such as those mentioned above, a distribution has been effected, a court of equitable cognizance will not divest the title so acquired in favor of an administrator, who is a mere trustee for creditors and distributees. [See Richardson v. Cole, 160 Mo. 372, 61 S. W. 182; Mahoney v. Nevins, 190 Mo. l. c. 368, 88 S. W. 731; Painter v. Painter, 146 Mo. App. l. c. 602, 124 S. W. 561; Bank v. Hoppe, 132 Mo. App. 449, 111 S. W. 1190; Pullis v. Pullis, 127 Mo. App. 294, 105 S. W. 275; Griesel v. Jones, 123 Mo. App. 45, 99 S. W. 769; McDowell v. Orphan School, 87 Mo. App. 386; McCracken v. McCaslin, 50 Mo. App. 85; In re Langraf Estate, 183 Mo. App. 251, 168 S. W. 268.]

In Painter v. Painter, supra, l. c. 601, 602, it is said: "In strictness of law the title should have passed to them (legatees) through personal representatives of the deceased and an administration of his estate. But so far as appears, there were no creditors, the legatees were of age, and in such circumstances a distribution of personal assets by the heirs or legatees without administration has been tolerated and the title treated as in them, though the regular method of devolving the title of a decedent by administration had been omitted;" citing a number of the foregoing authorities.

It is true that it is not possible to know, with certainty, that the deceased left no debts, but it is sufficient on that score if none have appeared, and that the administration is not had in order to enable a creditor to reach the assets. The collateral inheritance tax is not a debt of or a claim against the estate as such. It was not a debt owing by the deceased in his lifetime. It became payable, if at all, at his death, and it attached to the property, or interest therein, passing to the in-

dividual heir, and "not as the property or interest therein of the intestate." [See Sec. 309, Rev. Stat. 1909.] It is true, as appellant asserts, that the tax is "a bonus or duty levied upon the right or privilege of the devisee, heir or distributee, of receiving his share." [State ex rel. v. Henderson, 160 Mo. l. c. 215, 60 S. W. 1093.] But as said in State ex rel. v. Switzler, 143 Mo. l. c. 329, 45 S. W. 245, quoted in State ex rel. v. Henderson, supra, "it is a burden on each person claiming succession measured by the value of his interest (received from the testator or intestate) and collectible out of his interest only."

Under the circumstances we think that plaintiff cannot be allowed to recover from defendant bank, the latter having turned over the property to the equitable owners thereof. The answer sets up the facts shown by way of defense, as above indicated, whereby a valid equitable defense, we think, was interposed.

It is true that the appointment of plaintiff as administrator is not subject to collateral attack in this action (Green v. Tittman, 124 Mo. 372, 27 S. W. 391; Griesel v. Jones, 123 Mo. App. 45, 99 S. W. 769); but to deny plaintiff the right to the possession of the property, under the circumstances, is not a collateral attack upon the order and judgment of the probate court directing him to take charge of the estate, but a determination by a court of equitable cognizance that he was not entitled to the possession of this property. · [See Richardson v. Cole, supra.]

It is urged that to deny a recovery by an administrator, under such circumstances, will have the effect of allowing distributees to avoid payment of the collateral inheritance tax. But we think that this is a *non sequitur*. Under the statute a civil action will lie against those whose distributive shares are liable to the tax. It is true that this might, in some instances, be unavailing. However, inasmuch as the statute distinctly makes the tax, if one is lawfully assessable, a

first lien in favor of the State, to enforce which a civil action may be prosecuted (Sec. 309, Rev. Stat. 1909), it would appear that ample remedy is afforded against one in whose hands property, subject to the tax, may be at the time of the death of the owner, and who delivers over the same otherwise than to the administrator or executor, should the property thus escape taxation. And, in general, the methods of enforcing the tax, furnished by the statute, are such as to leave but little opportunity for one to escape its payment.

The law contemplates that administrations will be had, and it is only in exceptional cases that its omission will be tolerated. It may be said that it does not here appear that the payment over to the heirs and the distribution of the property among them was with the design to evade the payment of the tax, and it will not be presumed that the parties acted with fraudulent intent. No effort was made, in any direct proceeding, to collect such tax. And in the case before us the right asserted by plaintiff administrator to recover from defendant the monies originally in its hands, must, in our opinion, be denied for the reasons above indicated.

Appellant suggests that this judgment be reversed and the cause remanded with directions to enter judgment for plaintiff for the amount sued for, such judgment to be satisfied upon the payment of the costs in the circuit court and the costs of administration. But we think that plaintiff was not entitled to prevail in his action, and the costs must abide the result.

The judgment will therefore be affirmed. It is so ordered. *Reynolds, P. J.,* concurs. *Nortoni, J.,* being a member of the Board of Curators of the State University, to whose benefit the collateral inheritance tax enures, is not sitting.