**FAIRCHILD v. LOHMAN, Public Adm'r, et al.**

(District Court, W. D. Missouri, W. D. January 9, 1926.)

No. 680.

**1. Property ⬤⟿6—Personal property is assignable according to laws of owner's domicile.**

Generally personal property has no locality, but follows person of owner, and is assignable, transferable, or transmissible by his voluntary act, according to laws of country of his domicile.

**2. Property ⬤⟿6—Personal property of nonresident may have situs in state where located, to facilitate collection of taxes and for protection of creditors of owner.**

Personal property belonging to person resident of different state may have such situs in state in which it is located as to facilitate collection of taxes and for protection of creditors of owner.

**3. Executors and administrators ⬤⟿17(1).**

Under Missouri laws, only interested parties can demand administration of estate.

**4. Wills ⬤⟿723—Legatee of stock under will of nonresident decedent is entitled to receive certificates and have them transferred on corporation's books, subject to rights of intervening creditors; all taxes having been paid (Rev. St. Mo. 1919, § 9743).**

Legatee under will of nonresident of stock in Missouri corporation, which, under Rev. St. Mo. 1919, § 9743, was deemed personal estate, is entitled, subject to rights of intervening creditors, to receive certificates of stock, and

have them transferred on corporation's books; all tax demands having been satisfied.

**5. Executors and administrators ⬤⟿3(4)—Administration should not be had against will of heirs, where nonresident decedent, having property in Missouri, had no debts in state, and tax demands were satisfied.**

If nonresident decedent, having property within state of Missouri, had no debts therein, and taxes were satisfied, administration should not be had against will of heirs

**6. Executors and administrators ⬤⟿3(4).**

Under Missouri law, where no debts appear against nonresident estate, it is not necessary that administration should be had, to give creditors opportunity to present claims.

**7. Courts ⬤⟿365.**

Federal court is obliged to follow rule of court of last resort in the state.

**8. Courts ⬤⟿365.**

Courts of Appeals in Missouri are not intermediate tribunals, but courts of last resort as respects duty of federal court to follow their holdings.

**9. Executors and administrators ⬤⟿29(2)—Proceeding by legatee of nonresident decedent to prevent ancillary administrator from interfering with property rights in specific property is not collateral attack on appointment.**

Proceeding by legatee under will of nonresident, seeking to prevent interference by public administrator, as ancillary administrator of such nonresident's estate, with his property rights in specific property, is not collateral attack on appointment of ancillary administrator.

In Equity. Bill by Sherman Mills Fairchild against Ira H. Lohman, Public Administrator of Cole County, Mo., and ancillary administrator in the state of Missouri with the will annexed of the estate of George W. Fairchild, deceased, and another, wherein defendant named filed a cross-bill. On complainant's motion to dismiss cross-bill. Motion sustained.

Owen C. Becker, of Oneonta, N. Y., and Charles M. Blackmar, of Kansas City, Mo. (Haff, Meservey, Michaels, Blackmar & Newkirk, of Kansas City, Mo., of counsel), for plaintiff.

Paul Barnett, of Sedalia, Mo., for defendants.

REEVES, District Judge. The question in this case arises on the motion of the complainant to dismiss the cross-bill of the defendant Lohman, ancillary administrator. The complainant's bill alleges he is the owner of 1,500 shares of corporate stock of Theodore Gary & Co., a Missouri corporation; that the title to said stock accrued to him under the last will and testament of George W.

Fairchild, deceased; that George W. Fairchild in his lifetime was a citizen and resident of the city of Oneonta, Otsego county, N. Y.; that his estate was administered there, and as a legatee under the will of said decedent the complainant herein became the owner of said shares of stock; and that same were duly delivered to him by the executors under the will of the said decedent.

He alleges, furthermore, that all legacies, debts, and taxes, and other demands against the estate, have either been discharged or provided for; that all taxes and assessments on said stock in the state of Missouri have been paid, and he is entitled to have a transfer of the shares of said stock made on the books of defendant corporation, Theodore Gary & Co.; that the defendant Ira H. Lohman, as public administrator of Cole county, Missouri, has applied for and obtained ancillary letters of administration upon the estate of said decedent in Missouri, and now seeks to have delivered to him certificates of stock evidencing ownership of said 1,500 shares of corporate stock of Theodore Gary & Co.; that such proceeding on the part of said defendant administrator is not for the purpose of conserving and protecting said stock for distributees, or for the benefit of creditors of the said decedent, but solely and alone for the fees that might accrue to him in the administration of said property.

Plaintiff seeks to prevent interference on the part of the defendants with his property rights in said stock, and prays that such interests therein be vouchsafed and protected to him.

The defendant ancillary administrator admits practically all the allegations in the bill, except that he denies that there are no debts existing against the estate in Missouri. It is asserted by him that the actual shares of said stock were never in New York, but in Missouri, the domicile of the corporation. He says that it was for the benefit of the estate, and in behalf of creditors in Missouri, that he sought administration upon said shares of stock. He prays for a determination of the interest of the several parties in and to said stock by this court, and for a mandatory injunction compelling Theodore Gary & Co. to issue certificates of stock to him, as ancillary administrator.

Complainant challenges the sufficiency of the cross-bill by his motion to dismiss.

[1] 1. By section 9743, R. S. Mo. 1919, "the stock of every company formed" under the laws of Missouri "shall be deemed personal estate." "The general rule is that personal property has no locality, but follows the person of the owner, and is assignable, transferable, or transmissible by his voluntary act, according to the laws of the country of his domicile." 32 Cyc. 675.

[2] 2. The foregoing rule is subject to the exception that property of the character in suit may have such a situs in Missouri as to facilitate the collection of taxes thereon, and for the protection of creditors, if any, of the owner in said state. Because of this exception, it has been declared that the situs of shares of stock "for some purposes is at the domicile of the owner, and for some purposes at the domicile of the corporation." Norrie et al. v. Kansas City Southern Ry. Co. et al. (D. C.) 7 F.(2d) 158.

[3] 3. The administration laws of Missouri are designed solely for the protection of distributees and creditors. Where the heirs or other beneficiaries and creditors are agreeable to such course, no administration may be had. In fine, interested parties only can demand administration. Johnston v. Johnston, 173 Mo. 91, 73 S. W. 202, 61 L. R. A. 166, 96 Am. St. Rep. 486; Troll v. Landgraf, 183 Mo. App. 251, 168 S. W. 268; Todd v. James, 157 Mo. App. 416, 138 S. W. 929; Bell v. Farmers' & Traders' Bank, 188 Mo. App. 383, 174 S. W. 196.

[4] 4. In the instant case, complainant is the only interested distributee of said estate. Subject to the intervening rights of creditors, he is entitled to receive said certificates of stock, and have same transferred upon the books of the corporation. As concerns other beneficiaries of the estate, full title has passed to him. Admittedly the executors, whose duty it was to marshal the assets of the estate and execute the terms of the will, have delivered the certificates of stock to the complainant.

5. The only interested parties, therefore, who may demand an administration of said shares in this state, are creditors and municipal authorities who may be interested in the collection of taxes. It is alleged, and not denied, that the municipal authorities of the state are satisfied with respect to their tax demands. The remaining question in the case is whether there are any creditors of the decedent in Missouri.

[5] 6. According to the bill, the decedent was at all times a nonresident of Missouri, and therefore it is very improbable that any debts might be owing in this state. Moreover, there is a general allegation in the bill that all the debts of the decedent had been discharged by the executors. The defendant

administrator denies that there were no debts in Missouri, but he does not support such denial by a statement of facts. If there are no debts in Missouri, then the "administrator would be a mere naked trustee, and it would seem idle, as well as a waste of the estate, to go through the form of administration against the will of the heirs." Richardson v. Cole, 160 Mo. 372, 61 S. W. 182, 83 Am. St. Rep. 479.

[6] 7. It is urged by the ancillary administrator that creditors should have an opportunity to present claims under the administration law. Such is not the rule in Missouri, "where no debts *appear* against the estate, and the heirs or legatees are all of lawful age, and by common consent, and without fraud or mistake, make a distribution of the personal assets among themselves, dispensing with administration, our courts have frequently held that the equitable interests of such heirs or legatees should then be regarded as the whole title." Bell v. Farmers' & Traders' Bank, 188 Mo. App. 383, 174 S. W. 196. Specifically referring to possible local creditors, the court in the same opinion said: "It is true that it is not possible to know, with certainty, that the deceased left no debts; but it is sufficient, on that score, if none have appeared."

[7] Counsel for the ancillary administrator admits that the rule, as above announced, prevails in the Courts of Appeals in Missouri, but says that the federal court should not follow such ruling, because said courts are not the highest court of the state. The federal rule cannot be so interpreted. The obligation to follow the state court rule arises if "the court to be followed is the court of *last resort* in the state." United States Telephone Co. v. Central Union Telephone Co., 202 F. 66, 122 C. C. A. 86.

[8] The Courts of Appeals in Missouri are not intermediate tribunals, but are courts of last resort. Supervisory control over said courts by the Supreme Court is limited to those cases where there may be a refusal to follow the later decisions of the supreme tribunal. Moreover, the principle announced by the Courts of Appeals has found abundant support in the case of Richardson v. Cole, supra, a Supreme Court case.

8. The rule herein does not contravene the principle adhered to in Troll v. Third National Bank, 278 Mo. 74, 211 S. W. 545. In the Troll Case the basis of the ancillary administration was the fact that the estate was left in a situation exposed to loss or damage. In the instant case, it is admitted in the answer of the ancillary administrator that the certificates, representing the stock in controversy, have been delivered by the executors to the complainant, and that he was in actual charge thereof. Therefore the estate was not exposed to loss or damage. The only basis for an administration would be in the interest of local creditors, and this court will follow the announced rule of the Courts of Appeals.

[9] 9. The proceeding here is not a collateral attack upon the appointment of the ancillary administrator. It solely and alone affects the title to the specific property covered by complainant's bill. The inquiry is whether the ancillary administrator is entitled to the possession of this property. Richardson v. Cole, supra; Bell v. Farmers' & Traders' Bank, supra.

In view of the foregoing, the ancillary administrator, upon the pleadings, is not entitled to recover, and accordingly the motion to strike out the cross-bill will be sustained.